B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## District of Idaho

| | | |
|---|---|---|
| In re | **Best View Construction & Development, LLC** | Case No. |
| | Debtor(s) | Chapter **11** |

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U .S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **Hourly fees - see attached engagement letter** |
   | Prior to the filing of this statement I have received | $ **38,425.00** |
   | Balance Due | $ **TBD** |

2. $ **1,717.00** of the filing fee has been paid.

3. The source of the compensation paid to me was:
   ☑ Debtor    ☐ Other (specify):

4. The source of compensation to be paid to me is:
   ☑ Debtor    ☐ Other (specify):

5. ☑ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]
      **See attached engagement letter.**

7. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **See attached engagement letter.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

| | |
|---|---|
| *Date* | **Matthew T. Christensen 7213** |
| | *Signature of Attorney* |
| | **ANGSTMAN JOHNSON** |
| | **199 N. Capitol Blvd, Ste 200** |
| | **BOISE, ID 83702** |
| | **208-384-8588   Fax: 208-629-2157** |
| | info@angstman.com |
| | *Name of law firm* |



**MATTHEW T. CHRISTENSEN**
**MTC@ANGSTMAN.COM**

June 8, 2020

**ENGAGEMENT LETTER**

VIA EMAIL: bestviewconstructionllc@gmail.com

Best View Construction & Development, LLC
c/o Gaven King, Managing Member
1625 Mustang Mesa Ave
Middleton, ID 83644-4745

  RE: Chapter 11 Bankruptcy
     Our File No. 13570-004

Dear Best View Construction & Development, LLC:

  By this letter I am confirming the terms of your retention of my firm for purposes of filing a Chapter 11 bankruptcy petition on behalf of Best View Construction & Development, LLC. I am the responsible attorney for this matter. However, I may delegate or share this responsibility with other attorneys in my firm. I will endeavor to keep you reasonably advised of the participation by other attorneys in my firm.

  You hereby retain and employ Angstman Johnson, PLLC to represent you in a case to be initiated under Chapter 11 of the Bankruptcy Code.

  The legal services to be rendered are as follows:

    (1) Preparation and filing of a petition, Schedules, Statement of Financial Affairs, and other related forms;

    (2) Attendance at all meetings of creditors, hearings, pretrial conferences, and trials in the case or any litigation arising in connection with the case, whether in state or federal court;

    (3) Preparation, filing, and presentation to the Bankruptcy Court of any pleadings requesting relief;

    (4) Preparation, filing, and presentation to the court of a disclosure statement and plan or arrangement under Chapter 11 of the Bankruptcy Code;

  (5) Review of claims made by creditors or interested parties, preparation, and prosecution of any objections to claims as appropriate;

  (6) Preparation, filing, and presentation to the court of all applications to employ and compensate professionals in the Chapter 11 proceeding; and

  (7) Preparation and presentation of a final accounting and motion for final decree closing the bankruptcy case.

It is possible that the U.S. Trustee, or any creditor, may file a motion seeking dismissal of your case. If that happens, we will appear on your behalf at that hearing. However, there is no way, because of the new and undecided state of certain parts of the Bankruptcy Code, that we can promise you that the outcome of such a hearing will be in your favor, although we will use every reasonable argument and evidence to obtain that result.

In consideration of the legal services to be rendered to the undersigned by Angstman Johnson, PLLC, you agree to pay to Angstman Johnson, PLLC on or before the date a petition is filed on behalf of the undersigned which initiates a case under the Bankruptcy Code, the sum of $35,000.00 in cash or by certified/cashier's check as a retainer. You understand and agree that services rendered to you will be charged and billed at the current hourly rates depicted on Exhibit B attached hereto. The amount paid as a retainer will be applied to all pre-petition work performed by the firm. Any amount remaining in the retainer will be held in our client trust account to be applied to post-petition work done in the Chapter 11 proceeding, after receiving court approval.

You further understand that the representation described in this agreement does not in any way guarantee or represent to you that a discharge in bankruptcy will be obtained by the company, or that all debts from which discharge can be sought will be included in any such discharge. While we will endeavor to obtain a discharge of the company debts, we cannot guarantee such a discharge will be obtained.

By signing below, you acknowledge, understand, and agree that Angstman Johnson, PLLC will utilize its best efforts to obtain approval and confirmation of a plan or arrangement under Chapter 11 of the Bankruptcy Code but that we make no warranty or guaranty of approval or confirmation of such plan.

This letter and the enclosed exhibits constitute our engagement agreement with you. Together they establish the scope and terms of our engagement and inform you regarding our fees and billing practices. The chapter 11 bankruptcy agreement constitutes our entire agreement regarding the current scope of work and may be amended only by mutual agreement confirmed in writing and confirmed by the bankruptcy court if necessary.

If you have any questions, or do not agree to the fees or terms of representation, please contact me at once. If you agree to these terms, please indicate your approval by signing the acceptance form below and returning a copy to me with the retainer funds. Please also keep a copy of this letter for your own records.

Very Truly Yours,

*[signature]*

Matthew T. Christensen
Attorney at Law

MTC | as

Enclosures:  Exhibit A: General Terms and Conditions
Exhibit B: Retainer Fund Agreement
Exhibit C: Fee and Cost Schedule
Exhibit D: Conflict Agreement

### ACCEPTANCE OF CHAPTER 11 BANKRUPTCY
### ENGAGEMENT AGREEMENT

I have read the preceding letter and the enclosures that follow, including the conflict agreement. I agree to the firm's representation on those terms.

Dated: 06/08/2020    *Gaven J. King*
BEST VIEW CONSTRUCTION & DEVELOPMENT, LLC
By: Gaven King, Managing Member

# EXHIBIT A

## ANGSTMAN JOHNSON

### *General Terms and Conditions*

**Client**.  The terms "you" and the "client" are used interchangeably in this Engagement Agreement; both refer to Best View Construction & Development, LLC

**Scope of Work**.  A description of the initial scope of work has been provided to you.  You may alter the scope of work or authorize additional work or new matters orally or in writing.  Unless otherwise provided and confirmed in writing, all matters will be subject to this Engagement Agreement.

**Electronic Files**.  Angstman Johnson maintains client files electronically only.  It is important our clients understand that although we preserve original signatures pages or other items required by certain laws or statutes, we do not maintain a paper file on behalf of our clients.  This means that any and all documents supplied to us by you or your agents or representatives will be electronically scanned into our system and the original will be returned to you.  In the event a Judge or other party requires the production of an original document, you must provide that original to the requesting party if their request falls under certain statutes or rules which your case is governed.

**Document and Data Preservation.**  If this matter is an active dispute or if it is likely to ripen into a dispute, you shall, immediately, preserve all potentially relevant evidence (including documents, electronic data files, photographs or any other subject matter) that pertains to the subject matter of the scope of work.  Furthermore, you must:

(a)     Identify all agents or employees in possession of potentially relevant evidence, and provide contact information so that the firm may provide written instructions to such individuals to preserve such information and cease all ordinary document destruction or computer backup overwriting;

(b)     Meet with the attorney assigned to your matter and confer with that attorney to ensure that they understand all of your data retention practices and policies;

(c)     Instruct all employees and agents to produce copies of any relevant active files and make sure that all backup media is safely stored; and

(d)     Periodically monitor document and data preservation, and coordinate with the attorney assigned to your matter to ensure that all data and evidence is safely preserved.

**Social Media**. Publishing information pertaining to your case or matter on social media presents multiple risks and complications. Depending on the information and the surrounding circumstances, such postings could waive privileges, make inadvertent or accurate admissions, or violate pending court orders. Unless you have obtained prior approval from our firm, you agree

to refrain from any social media postings or communication regarding the matters in which Angstman Johnson is representing you.

**Billing Procedures.**  The firm typically provides monthly billing statements by regular mail.  Billing statements are broken out by matter and are sent to the person and address identified for the particular matter.  Please advise us if you would like the matters to be organized differently or if you wish for the statements to be directed to a different person.

**Late Fees**.  The amounts shown on the firm's statements are payable within thirty (30) days after the date of the statement (unless chargeable to a Retainer Fund).  Statements that are not paid within thirty (30) days will be assessed a late payment charge at the rate of one and one-half percent per month (18.0% per annum) on the unpaid balance.

**Billing Questions**.  The firm will be pleased to answer any questions you have about billing.  If you have concerns about any portion of a bill, please raise them promptly.  We expect you to pay without delay all but the disputed or questioned portion of the bill.  The firm's acceptance of partial payment does not constitute an accord and satisfaction.  Any concerns or disputes about billing should be addressed promptly by both the client and the firm.  If the dispute cannot be resolved, either client or the firm is free to terminate the representation, while the other party retains all rights and remedies.

**Fees**.  Unless otherwise agreed, the firm calculates fees based upon the hourly rates of the attorneys, paralegals, and other timekeepers who perform professional services for the client.  In special circumstances, the firm may negotiate a fixed fee agreement for specific projects.  This is not the case here, unless a separate written agreement to that effect has been provided.  Billing rates for attorneys and other timekeepers expected to be working with the client are provided in the accompanying *Fee and Cost Schedule* (Exhibit C).  Fees for other attorneys and staff are available upon request.  Billing rates are subject to adjustment.  Any adjustment in the hourly rate or the addition of other timekeepers not listed on the attached *Fee and Cost Schedule* will be reflected in the monthly billing statements presented to the client.

**Billable Time**.  The client will be charged for all time spent by timekeepers performing work reasonable and appropriate for your representation.  This includes attorneys, paralegals and legal analysis and research, review and drafting of documents, telephone calls, correspondence, meetings, responding to client inquiries, site visits, data gathering and preparation, outlining and budget development, strategy development, task coordination, drafting and negotiation of agreements, lobbying, presentations, and travel.

**Billable Costs**.  The client will be billed for all costs appropriately incurred on behalf of the client.  This may include postage, long distance telephone, photocopying, messenger service, electronic research fees (such as Westlaw or Lexis), staff overtime on specific rush projects, filing fees, and travel costs including meals and mileage.  If extraordinary costs are expected to be incurred, the client will be advised in advance and may be asked to make advance payment.

**Nonbillable Time and Costs**.  The firm does not bill the client for routine secretarial costs, word processing or internet connections.

**Estimates**.  For most matters, it is difficult to predict the amount of time that will be required, particularly where legal research, negotiation or litigation are involved.  Therefore any

estimates of fees or costs provided to the client are not guarantees or caps on the fees that may be incurred, unless expressly provided in writing.

**Retention of Experts and Other Professionals**.  From time to time, it may be necessary to retain experts, consultants, mediators or other professionals outside of this firm in connection with our representation of you.  Ordinarily, such professionals will submit their bills directly to you, and you will be solely responsible for paying their fees and costs.  In some instances it may be advantageous for the professionals to be retained directly by this firm.  The firm agrees to add no administrative or overhead charge to fees or costs billed by the consultant or other professional.  In the event that this firm pays their fees and costs, you will be responsible to promptly reimburse the firm therefore.  If the fees are expected to be substantial, you may be asked to provide advance funding.  Whatever the arrangement, we will always obtain your approval before retaining any professional outside this firm.

**Confidentiality**.  The firm is obligated to protect the client's secrets and confidences, as provided in the Idaho Rules of Professional Conduct.  This obligation continues after the firm's representation is terminated.  In special cases, confidentiality may be addressed in a separate written agreement.  If you have provided an email address to my firm, you acknowledge that the email that was provided to us is secure, the account belongs to you, and there will not be a waiver of the attorney client privilege and/or breach of the duty of confidentiality if my firm sends documents and/or correspondence to that account.

**Work Product**.  The client is entitled to copies of all work product developed by the firm on the client's behalf.  However, the firm may withhold work product if the client has failed to pay fees and costs properly charged to the client.

**File Retention**.  The firm generally does not keep paper files; however, the firm does maintain an electronic document database for each case.  You are advised that you should keep copies of any and all documents regarding your case in a safe place.

**Termination by Client**.  The client may terminate its relationship with the firm unilaterally at any time upon written notice to the firm.  Termination shall not affect the client's obligation to pay for services rendered.  This includes fixed fees (if any), fees and costs associated with the provision of services prior to termination, and fees and costs necessarily incurred by the firm in order to wind down or hand over the work.

**Suspension of Work**.  The client's failure to timely pay bills may result in immediate suspension of services being provided by the firm.  Suspension will not occur without prior notice to the client and an opportunity to cure.

**Withdrawal by Firm**.  The firm reserves the right to withdraw from its representation with the client's consent or for good cause.  Good cause may include the client's failure to honor the terms of the Engagement Agreement, the client's failure to pay amounts billed in a timely manner, the client's failure to cooperate or follow the firm's advice on a material matter, or any fact or circumstance that would, in the firm's view, impair an effective attorney-client relationship or would render the firm's continuing representation unlawful or unethical.  If the firm withdraws, the client will take all steps necessary to free the firm of any obligation to perform further, including the execution of any documents (including forms for substitution of counsel) necessary to complete its withdrawal, and the firm will be entitled to be paid for all

services rendered as well as disbursements, costs, and other charges made or incurred on behalf of the client prior the date of the withdrawal or necessarily incurred in the course of winding down or handing work over.

# EXHIBIT B

# ANGSTMAN JOHNSON

### *Retainer Fund Agreement*

All funds paid into the Retainer Fund are held by the firm but belong to the client until such time as fees or costs are properly incurred pursuant to the Engagement Agreement. Upon termination of the firm's representation of the client, the client is entitled to a full refund of any funds paid in excess of fees and costs properly incurred under this Engagement Agreement.

The firm will maintain an accurate accounting of all funds placed into and paid out of the Retainer Fund. The balance of the Retainer Fund will be reflected in each billing statement to the client. Interest earned on funds maintained in the Retainer Fund are contributed to charitable purposes in accordance with the Interest on Lawyer Trust Accounts ("IOLTA") program of the Idaho Bar.

The establishment of a Retainer Fund does not constitute either an estimate of or cap on total fees and costs.

Fees and costs properly incurred under the Engagement Agreement will be charged against funds remaining in the Retainer Fund. If fees and costs incurred exceed the balance of the Retainer Fund, the client is responsible to promptly pay the balance. As new matters are opened, either the client or the firm may request that a separate Retainer Fund be opened for each new matter. If that is not done, the Retainer Fund will be available to pay charges associated with all open matters.

The fact that funds in the Retainer Fund are available or have been used to pay fees and costs incurred does not impair the client's right to dispute any fee or cost. The firm will reimburse the Retainer Fund (or the client) for any amount determined not to have been properly charged.

# EXHIBIT C

# ANGSTMAN JOHNSON

### *Fee and Cost Schedule*
### *Professional Fees*

Billing rates for attorneys at Angstman Johnson range between $195 and $350 per hour. Paralegal billing rates range between $60 and $130 per hour. A complete fee schedule for all firm timekeepers is available upon request.

The hourly fees of timekeepers currently expected to be associated with this representation are listed below.

| Timekeeper | Rate |
|---|---|
| T.J. Angstman | $350 per hour |
| Wyatt B. Johnson | $350 per hour |
| Matthew T. Christensen | $350 per hour |
| J. Justin May | $350 per hour |
| Michelle Points | $350 per hour |
| Sheli Fulcher Koontz | $325 per hour |
| Natasha N. Hazlett | $325 per hour |
| J. Dee May | $275 per hour |
| Lea Kear | $275 per hour |
| Brian Peterson | $250 per hour |
| Chad R. Moody | $215 per hour |
| Nathan A. Fowler | $215 per hour |
| Branden M. Huckstep | $195 per hour |
| Caroline Cortens | $130 per hour |
| Kevin Gilbert | $130 per hour |
| Lisa Caudill | $130 per hour |
| Melanie Anderson | $130 per hour |
| Sheri Mitchell | $130 per hour |
| David Rojas | $130 per hour |
| Candice Booher | $130 per hour |
| Megan Richmond | $95 per hour |
| Lorena Scott | $95 per hour |
| Amber Kaiser | $95 per hour |
| Amanda Culver | $95 per hour |
| Abigail Stephens | $60 per hour |

The rates quoted above are for the year 2020. Billing rates are subject to adjustment annually. Any adjustment in the hourly rate or additional personnel will be reflected in your monthly billing statements.

## *Costs*

Costs are subject to adjustment annually. Any adjustment will be reflected in the monthly billing statements presented to the client. The firm does not charge an overhead or administrative fee for services contracted on a client's behalf.

| | |
|---|---|
| Photocopying | $0.20/page – all copies over 500 |
| Messenger Service | On a case to case matter |
| Westlaw/Lexis | Prevailing rate |
| Long Distance Telephone | Prevailing rate |
| Overtime Staff Charges | $50.00/hour |
| Facsimile | No Charge |

# EXHIBIT D

# ANGSTMAN JOHNSON

### *Conflict Agreement*

Our representation of you is governed by the Rule 1.7 of the Idaho Rules of Professional Conduct.[1] This rule prohibits the firm from representing two clients where our representation of one client would be directly adverse to another client unless three conditions are met: (1) the circumstances are fully explained, (2) each client expressly waives the conflict with written confirmation, and (3) it is reasonable for us to ask them to do so. The purpose of this Conflict Agreement is to advise you of actual and potential conflicts and obtain your informed consent before we undertake your representation. By agreeing to this representation, you hereby waive the conflicts of interest described here.

### No Direct Conflicts of Interest Are Anticipated

The firm is not aware of any direct conflicts of interest with respect to our representation of you. By direct conflicts, we mean situations in which you and another client have directly conflicting positions or objectives, and our representation of at least one party involves advocating that position or pursuing that objective.

---

[1] Rule 1.7 of the Idaho Rules of Professional Responsibility (effective July 1, 2004) provides:

> RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS
> (a) Except as provided in paragraph (b), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if:
>> (1) the representation of one client will be directly adverse to another client; or
>> (2) there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by the personal interests of the lawyer, including family and domestic relationships.
>
> (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if:
>> (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client;
>> (2) the representation is not prohibited by law;
>> (3) the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal; and
>> (4) each affected client gives informed consent, confirmed in writing.

### Indirect Conflicts of Interest

In addition to the direct conflicts discussed above, it is possible that the interests of yourself and those of our other clients could be at odds on matters not directly related to our representation of you.  You should be aware that the firm's lawyers are engaged in matters on behalf of a wide variety of clients.  This includes, among others, businesses and industries of all types, banks and other financial institutions, business owners, venture capitalists, trusts, doctors and hospitals, trade organizations, real estate investors and developers, professional groups, industry associations, homeowner groups, citizen groups, user groups, policy advocacy organizations, nonprofits, and governmental entities at all levels, as well as other public and quasi-public entities.  We represent these persons and entities in private transactions as well as matters before courts, agencies, regulatory and governmental bodies, and state and federal legislatures.  Consequently, the firm's lawyers are frequently engaged in a variety of public policy, regulatory, and legislative matters with broad implications.

It is not unlikely that we may now or in the future represent other persons or entities in your industry or business.  In some cases, this may include direct competitors of yours. It might also include those with whom you have commercial, financial, regulatory or other relationships.

It is possible that something that we do on behalf of one client might have implications or repercussions for your business.  For instance, any time we help another client buy a piece of property, that investment opportunity is not available to you.  Likewise, there could be instances in which we pursue a policy issue or legal precedent on behalf of one client that you might not consider favorable or desirable.

In some cases, our clients may be your business competitors or those with whom you have commercial, financial, regulatory or other relationships.  Likewise, we represent clients that may hold viewpoints or advocate public policy positions contrary to yours.  We may also represent governmental bodies with which you deal on other issues.

We also represent clients that may hold viewpoints or advocate public policy positions contrary to those of you.  By agreeing to this representation, you have agreed on behalf of yourself not to disqualify me or my firm from representing any other client on the basis that the work we are doing for the other client is contrary to the policies, goals or business objectives of yours so long as the work for the other client is unrelated to the matters on which you have engaged this firm.

### Future Conflicts and Termination of Representation

As stated in the Engagement Agreement, you may end our legal representation of you at any time.  However, by entering into this Engagement Agreement, you agree not to object to our representation of other existing or future clients as disclosed and described in this Conflict Agreement.