Matthew T. Christensen, ISB: 7213
Chad R. Moody, ISB: 9946
ANGSTMAN JOHNSON
199 N. Capitol Blvd., Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@angstman.com
      chad@angstman.com

Attorneys for Debtor in Possession

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| In re: | Case No. 20-00674-JMM |
|---|---|
| BEST VIEW CONSTRUCTION & DEVELOPMENT, LLC, | Chapter 11 |
| Debtor. | |

**OMNIBUS MOTION TO REJECT EXECUTORY CONTRACTS**

> **Notice of Omnibus Motion to Reject Executory Contracts and Opportunity to Object and for a Hearing**
>
> <u>No Objection.</u> The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within 21 days of the date of this notice. If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.
>
> <u>Objection.</u>  Any objection shall set out the legal and/or factual basis for the objection. A copy of the objection shall be served on the movant.
>
> <u>Hearing on Objection.</u> The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate notice of hearing.

In support of this motion, the Debtor respectfully represents:

1. The Debtor(s) filed a petition in this Court under Chapter 11, Subchapter V, of the Bankruptcy Code on the 22nd day of July, 2020. The Debtor continues to operate its business as debtor and debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

2. No unsecured creditors committee has yet been established in this case. As a Subchapter V case, it is not anticipated that a committee will be formed. As soon as a Subchapter V Trustee is appointed, this Motion will be served on that individual.

3. This Court has jurisdiction to consider this Motion under 28 U.S.C. §157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b). Venue of these Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

4. By this Motion, the Debtor requests entry of an order pursuant to section 365(a) of the Bankruptcy Code, Bankruptcy Rules 9014 and 6006, and Local Bankruptcy Rule Rule 6006.1, approving the Debtor's rejection of certain executory contracts, a list of which are set forth on Exhibit A (collectively, the "Contracts").

5. A proposed form of order granting the relief requested herein is attached hereto as Exhibit B (the "Proposed Order").

## THE REJECTED CONTRACTS

6. John F. Obraza Living Trust (the "Obraza Trust") entered into a construction contract wherein the Debtor agreed to construct a four-plex building on property owned by the Obraza Trust (Lot 1 of the Best View Quads), and the Obraza Trust agreed to pay for the construction.

7. Susan Perry ("Perry") entered into a purchase contract wherein the Debtor agreed to

construct a four-plex building on property owned by the Debtor (Lot 2 of the Best View Quads), and Perry agreed to purchase the property with fully-built four-plex.

8. Susan Perry ("Perry") entered into a purchase contract wherein the Debtor agreed to construct a four-plex building on property owned by the Debtor (Lot 3 of the Best View Quads), and Perry agreed to purchase the property with fully-built four-plex.

9. Sherman Leibow ("Leibow") entered into a purchase contract wherein the Debtor agreed to construct a four-plex building on property owned by the Debtor (Lot 4 of the Best View Quads), and Leibow agreed to purchase the property with fully-built four-plex.

10. James Crowley Living Trust (the "Crowley Trust") entered into a purchase contract wherein the Debtor agreed to construct a four-plex building on property owned by the Debtor (Lot 5 of the Best View Quads), and the Crowley Trust agreed to purchase the property with fully-built four-plex.

11. Josiah Silva Living Trust (the "Silva Trust") entered into a purchase contract wherein the Debtor agreed to construct a four-plex building on property owned by the Debtor (Lot 6 of the Best View Quads), and the Silva Trust agreed to purchase the property with fully-built four-plex.

12. Copies of any of these contracts may be obtained by contacting counsel for the Debtor – contact information is on the first page of this Motion.

## BASIS FOR RELIEF REQUESTED

Courts defer to a debtor's business judgment in rejecting an executory contract, and upon finding that a debtor has exercised its sound business judgment, should approve the rejection under section 365(a) of the Bankruptcy Code. *See NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 523 (recognizing the "business judgment" standard used to authorize rejection of executory contracts);

**OMNIBUS MOTION TO REJECT EXECUTORY CONTRACTS – PAGE 3**
A♦J; Matter: 13570-004

*Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.)*, 476 F.3d 665 (9th Cir. 2007).  The "business judgment" standard is not a strict standard and requires only a cursory review of the Debtor's decision to reject an executory contract.  *Id.*, at 670.

> [I]n evaluating the rejection decision, the bankruptcy court should presume that the debtor-in-possession acted prudently, on an informed basis, in good faith, and in the honest belief that the action taken was in the best interests of the bankruptcy estate.  It should approve the rejection of an executory contract under §365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.

*Id.*

Proper business reasons for rejecting a contract can include that it would be financially burdensome or not economically beneficial to the estate if the debtor was required to perform its obligations through expiration of the contract.

Here, the contracts in question require the Debtor to construct certain four-plexes for certain amounts.  Based on the requested designs and materials for the four-plexes, as well as the increased construction costs caused by the construction boom and the impact of the COVID-19 virus, the costs to complete the designed four-plexes will exceed the purchase price in the contracts.  The Debtor has examined the contracts and the costs to continue those contracts with the existing contractual obligations. The Debtor has determined that it is not economical to continue performing under the Contracts. Each of the Contracts represents an unnecessary burden on the estate.  Consequently, due to the increased construction costs, the Debtor is exercising proper business judgment in rejecting the Contracts.  This rejection will allow the Debtor to further market the property and obtain higher purchase prices, which will allow the Debtor to pay all remaining creditors (including any liens claimed as a result of the rejection of the contract).  The Contracts constitute unnecessary and burdensome expenses for the Debtor's estate and this Court

should grant the Motion.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as Exhibit B, granting the relief requested in this Motion and such other and further relief as may be just and proper.

DATED this 22nd day of July, 2020.

                /s/ Matt Christensen
                MATTHEW T. CHRISTENSEN
                Attorney for the Debtor

## EXHIBIT A

## List of Executory Contracts to be Rejected

| Non-debtor party to contract | Description of Contract | Reason for Rejection |
|---|---|---|
| John F. Obraza Living Trust<br>1118 Capello Way<br>Ojai, CA 93023 | Construction Contract for Lot 1, Best View Quads | Unduly burdensome to estate |
| Susan Perry<br>c/o Tom Dvorak, attorney<br>601 W. Bannock St.<br>Boise, ID 83702 | Purchase Contract for Lot 2, Best View Quads | Unduly burdensome to estate |
| Susan Perry<br>c/o Tom Dvorak, attorney<br>601 W. Bannock St.<br>Boise, ID 83702 | Purchase Contract for Lot 3, Best View Quads | Unduly burdensome to estate |
| Sherman Leibow<br>c/o Tom Dvorak, attorney<br>601 W. Bannock St.<br>Boise, ID 83702 | Purchase Contract for Lot 4, Best View Quads | Unduly burdensome to estate |
| James Crowley Living Trust<br>c/o Karene Alton/Capital Grp<br>2440 S. Titanium Place<br>Meridian, ID 83642 | Purchase Contract for Lot 5, Best View Quads | Unduly burdensome to estate |
| Josiah Silva Living Trust<br>2543 E. Goshen Ave.<br>Visalia, CA 93292 | Purchase Contract for Lot 6, Best View Quads | Unduly burdensome to estate |

**OMNIBUS MOTION TO REJECT EXECUTORY CONTRACTS – PAGE 6**
A✦J; Matter: 13570-004

# EXHIBIT B

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>BEST VIEW CONTRUCTION & DEVELOPMENT, LLC,<br><br>Debtor. | Case No. 20-_____-___ |

## ORDER PURSUANT TO 11 U.S.C. §365 AUTHORIZING DEBTOR'S REJECTION OF CERTAIN EXECUTORY CONTRACTS

Upon the Debtor's Motion, dated July ___, 2020 (Docket No. ___), pursuant to section 365 of title 11 of the United States Code, for entry of an order authorizing the Debtor's rejection of certain executory contracts; due and proper notice of the Motion having been provided; and the Court having found and determined that the relief sought in the Motion is in the best interest of the Debtor, its estate, creditors and all parties in interest; the legal and factual bases set forth in the Motion establish just cause for the relief granted; and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED, AND DECREED THAT:

1. The Motion is GRANTED as set forth herein.

2. Pursuant to section 365 of the Bankruptcy Code, the Debtor's rejection of the Contracts, as set forth on Exhibit A to the Motion, is hereby approved.

3. Rejection of the contracts is effective as of the date the Motion was filed with the Court.

4. The deadline to file a proof of claim to assert any damage claim arising from the rejection of the Contracts shall be thirty (30) days from the date of the entry of this Order.

5. The Debtor is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

//end of text//

Order submitted by:

Matthew T. Christensen, attorney for the Debtor