Jonathan W. Harris
BAKER & HARRIS
266 West Bridge Street
Blackfoot, Idaho 83221
Telephone: (208) 785-2310
Facsimile: (208) 785-6749
E-Mail: jwharris@bakerharrislaw.com
Idaho State Bar No. 6261

*Attorneys for Creditor Kyco Services*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF IDAHO

| In re:<br><br>BEST VIEW CONSTRUCTION & DEVELOPMENT, LLC,<br><br>Debtor. | Bankruptcy No. 20-00674-JMM<br>Chapter 11, Subchapter V |
|---|---|

### MOTION OF KYCO SERVICES, LLC FOR ORDER ESTABLISHING A DEADLINE BY WHICH THE DEBTOR MUST ASSUME AND CURE ALL DEFAULTS OR REJECT THE EXECUTORY CONTRACT

Pursuant to Section 365 (d)(2) of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure 6006(b) and 9014, and Local Rule 6006.1(a), Kyco Services, LLC, by and through its undersigned counsel, submits the following Motion for Order Establishing a Deadline by Which the Debtor Must Assume and Cure all Defaults under the Executory Contract or Reject the Executory Contract (the "*Motion*"). In support of its Motion, Kyco Services, LLC states as follows:

### PARTIES

1. Best View Construction & Development, LLC ("*Best View*" or the "*Debtor*") is an Idaho limited liability company with its principal office located at 1625 Mustang Mesa Ave., Middleton, Idaho 83644.

2. Best View filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, 11 U.S.C.A. §§ 101 *et seq.*, on July 22, 2020. The Debtor continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Kyco Services, LLC ("*Kyco*") is a Utah limited liability company that provides, among other services, drywall material and installation.

## JURISDITION AND VENUE

4. This Court has jurisdiction over this matter pursuant to Sections 157(a) and 1334 of Title 28 of the United States Code.

5. Venue is proper in this Court pursuant to Section 1409(a) of Title 28 of the United States Code.

6. This is a core proceeding pursuant to Section 157(b) of Title 28 of the United States code.

## BACKGROUND FACTS

7. On or about March 12, 2020, Debtor, through its principal Gavin King, entered into a services contract (the "*Contract*") with Kyco. A copy of the Contract is attached hereto as Exhibit A.

8. Under the Contract, Kyco agreed to provide material and labor related to the installation of drywall on Debtor's behalf.

9. Under the Contract, Debtor agreed to pay Kyco $216,903.

10. Kyco has provided material and labor on Debtor's behalf pursuant to the parties' Contract.

11. To date, Debtor owes Kyco $20,719.30, exclusive of attorney's fees, interest, and applicable late charges.

12. Debtor has requested, post-petition, that Kyco continue providing material and services under the Contract, despite being in arrears.

## REQUESTED RELIEF

13. The Contract constitutes an executory contract under Section 365 of the Bankruptcy Code.

14. Pursuant to Section 365(b)(1)(A) of the Bankruptcy Code, the Debtor has a duty to cure and/or provide adequate assurance payments to promptly compensate Kyco for Debtor's default under the Contract. It is not impossible for the Debtor to cure such default.

15. Pursuant to Section 365(d)(2) of the Bankruptcy Code, upon request of any party to an executory contract, a court may order the debtor in possession to determine within a specified period of time whether to assume or reject an executory contract.

16. As of the date of the filing of this Motion, the Debtor has neither assumed nor rejected the Contract.

17. Although Debtor has not assumed or rejected the Contract, Debtor has filed an Omnibus Motion to Reject Executory Contracts (*see* Dkt. 5) which Omnibus Motion does not include the Contract. This infers that the Debtor is contemplating at some future time to assume or reject the executory contract at issue in this Motion.

18. Because Kyco is being asked to continue work under the Contract on the Debtor's behalf, and because Debtor has not cured its default or its arrears to Kyco, and because this

3

Court may set a specified period of time in which the Debtor may assume or reject the Contract, Kyco respectfully asks the Court to enter an order requiring the Debtor to either assume the Contract and cure the default or reject the Contract within fourteen (14) days from the date of such Order.

## GROUNDS FOR REQUESTED RELIEF

19. Section 365(d)(2) provides in relevant part,

> In a case under chapter 9, 11, 12, or 13 of this title, the trustee may assume or reject an executory contract . . . at any time before the confirmation of a plan but the court, on the request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease.

11 U.S.C. § 365(d)(2).

20. Likewise, Federal Rule of Bankruptcy Procedure 6006(b) states, "A proceeding by a party to an executory contract or unexpired lease in a . . . chapter 11 reorganization case . . . to require the trustee, debtor in possession, or debtor to determine whether to assume or reject the contract or lease is governed by Rule 9014."

21. The Bankruptcy Code thus allows a creditor such as Kyco to petition the court to require the trustee and/or debtor in possession to assume or reject an executory contract within a specified period of time.

22. This Court recognizes a Section 365(d)(2) motion for deadline to assume or reject an alleged executory contract. *See In re Simplot*, 2007 WL 2479964, *16 (Bankr.D.Idaho 2007).

23. Kyco is a party to an executory contract with Debtor.

4

24. Under the Bankruptcy Code, Kyco may request that the Court order a specified period of time by which the Debtor must assume or reject the Contract.

25. As such, the Court should grant the Motion and order that Debtor must either assume or reject the Contract within fourteen (14) days of such Order.

## CONCLUSION

26. For the foregoing reasons, Kyco respectfully asks the Court to grant the Motion and enter an Order requiring the Debtor to either assume the Contract and cure its default and arrears or reject the Contract within fourteen (14) days of such Order.

DATED this ___ day of September 2020.

**BAKER & HARRIS**

_____
Jonathan Harris
Attorneys for Creditor Kyco Services, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on 24 day of September, 2020, I electronically filed the foregoing **MOTION OF KYCO SERVICES, LLC FOR ORDER ESTABLISHING A DEADLINE BY WHICH THE DEBTOR MUST ASSUME AND CURE ALL DEFAULTS OR REJECT THE EXECUTORY CONTRACT** with the United States Bankruptcy Court for the District of Utah by using the CM/ECF system. I further certify that the parties of record in this case, as identified below, are registered CM/ECF users and will be served through the CM/ECF system.

| | |
|---|---|
| Heidi Buck Morrison - | heidi@racineolson.com, mandy@racineolson.com,cheryl@racineolson.com |
| Brett R Cahoon - | ustp.region18.bs.ecf@usdoj.gov |
| Matthew Todd Christensen - | mtc@angstman.com, mtcecf@gmail.com;megan@angstman.com;mlanderson@angstman.com;abbie@angstman.com;ecf@angstman.com;atty_christensen@bluestylus.com;christensenmr81164@notify.bestcase.com |
| Thomas E Dvorak - | ted@givenspursley.com, s274@givenspursley.com;kad@givenspursley.com |
| Matthew W Grimshaw - | matt@grimshawlawgroup.com, ID22@ecfcbis.com |
| Kirk J Houston - | khouston@whitepeterson.com, lhembree@whitepeterson.com;jperdue@whitepeterson.com |
| Jay J Kiiha - | jkiiha@whitepeterson.com |
| Jed W. Manwaring - | jmanwaring@evanskeane.com, valerie@evanskeane.com |
| Chad Moody - | chad@angstman.com, megan@angstman.com;caroline@angstman.com;abbie@angstman.com;ecf@angstman.com |
| Mark Bradford Perry - | mbp@perrylawpc.com, info@perrylawpc.com;tlh@perrylawpc.com;plr@perrylawpc.com;jks@perrylawpc.com;tay@perrylawpc.com |
| Randall A Peterman - | rap@givenspursley.com, kad@givenspursley.com;wandawhite@givenspursley.com |
| US Trustee - | ustp.region18.bs.ecf@usdoj.gov |

/s/ Jonathan W. Harris

6

# PROPOSAL

| | |
|---|---|
| Proposal | 2020-0180 |
| Date | 02/27/20 |
| Revised | 03/12/20 |

**KYCO Services**
**2090 W 500 N, Unit 6**
**Springville, Utah    84663**
ofc. (801)794-3822    fax (801)794-3825
estimating@kycoservices.com

**PROPOSAL SUBMITTED TO:**

| Best View Construction | attn: | Gavin |
|---|---|---|

| Ofc./Hm. | Cell | Fax |
|---|---|---|
| 0 | 208-914-1774 | 0 |

**WORK TO BE PERFORMED AT:**

| 1910 Sunnyridge Rd. | 0 |
|---|---|
| Nampa, ID | |
| 0 | |
| Best View Apt | e-mail |

We hereby propose to furnish the materials and perform the labor necessary for the completion of:    **Drywall**
(see also any attachments)

*$216,903* [handwritten]

All material is guaranteed to be as specified, and the above work to be performed in accordance with the drawings and specifications submitted for above work and completed in substantial workman like manner for the sum of    **$207,335**
*Two hundred seven thousand, three hundred and thirty-five dollars.*

Any alteration or deviation from above specifications involving extra costs will be executed only upon written order, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents, or delays beyond our control.

Respectfully submitted by **Elizabeth Betts**

Note: This proposal is automatically void if not accepted by signature below within **15** days.

## TERMS

- Payment is due at time of substantial completion of our portion of the drywall phase of the project. If ninety-five percent (95%) of the entire amount owed is not paid within 30 days of such completion, a finance charge of 2.0 % per month (24% annual rate) will be assessed. Our standard drywall warranty will become null and void and our "no charge" touch up clause will become void.
- All material is guaranteed to be as specified and all work is to be completed in a professional manner according to standard practices. Any alteration or deviation from the above specifications which involves extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire and other necessary insurance. Our employees are fully covered by Worker's Compensation Insurance.
- In addition, if payment is not received, collection costs, including attorney's fees and costs of court will be assessed.

### ACCEPTANCE OF PROPOSAL

The above price, specifications, and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payments will be made as outlined above.

Signature: [DocuSigned]    Print Name: Gavin    Date: 3/12/2020
Title: Owner

**Exhibit A**

| **KYCO Services**<br>2090 W 500 N, Unit 6<br>Springville, Utah   84663       801-794-3822 | | **Attachment 1** | |
|---|---|---|---|
| **Proposal #**<br>2020-0180 | **Submitted to**<br>Best View Construction | **Job Name**<br>Best View Apt | **Job Address**<br>1910 Sunnyridge Rd.<br>Nampa, ID |

The following are the specifications for the above referenced proposal.

This Kyco Services Drywall Proposal will become a viable part of the contract between General Contractor and Kyco Services, LLC.

## Inclusions:

1.) Walls:         To be a level 4 smooth finish. NO texture.
2.) Ceilings:      To be an orange peel texture.
3.) Cornerbead:  Traffic corners and windows to be square.
4.) Clean-up:    All sheetrock scrap and mud boxes to be placed in dumpster provided by builder / contractor.
5.) We will do a touch-up, due to trade damage, prior to carpet installation, up to one hour per unit, at no charge.
6.) 5/8" wallboard throughout, unless noted otherwise.
7.) RC-1 on one side of the party walls per 2/A5.2
8.) Double layer 5/8" gypsum board on ceilings if fire riser and storage rooms as per note c/A2.1

## Options:

1.) Anticipated materials increase on gypsum board is stocked after December 31st, 2020: ADD:     $11,460.00   Yes
2.) To provide a holy smooth texture finish on the walls and ceilings in lieu of specified textures: DEDUCT:     ($6,126.00)   Yes
3.) *To provide and install exterior grade gypsum board on 1 hour rated walls requiring cement board: ADD:     $15,694.00   Yes
   *Note: As per details 10/A5.1

## Exclusions:

1.) Any furring of walls or ceilings due to framing problems. Will notify job superintendent of any problems.
2.) Heat. To be provided by General Contractor or Owner.
3.) Caulking or sealing of penetrations by other trades.
4.) Fireblocking.
5.) Patios / breezeways.
6.) Exterior gypsum
7.) Drywall between separation walls.
8.) All attic work : ie. draftstops, firewalls, 5' extensions, etc.
9.) Trash Chutes for debris removal (To be provided by other)

*Note: All material for this project may become subject to the manufactures price increase if products are stocked after December 31st, 2020.*