Matthew T. Christensen, ISB: 7213
ANGSTMAN JOHNSON
199 N. Capitol Blvd, Ste 200
Boise, Idaho 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@angstman.com

Attorney for Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF IDAHO**

| | |
|---|---|
| In re:<br><br>BESTVIEW CONSTRUCTION & DEVELOPMENT, LLC,<br><br>                Debtor. | Case No. 20-00674-JMM<br><br>Chapter 11<br>(Subchapter V) |

## DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT

Bestview Construction & Development, LLC ("Bestview" or the "Debtor"), the Debtor-in-possession herein, by and through its counsel of record, ANGSTMAN JOHNSON, and pursuant to Local Bankr. R. 3020.1, hereby files this Chapter 11 Pre-confirmation Report. The Debtor filed a Plan of Reorganization on December 23, 2020 (Docket No. 140 – hereinafter the "Plan"). Confirmation of the Plan is scheduled for February 3, 2021.

Concurrent with this Pre-confirmation report, the Debtor has filed a ballot summary. The summary shows that all classes which were entitled to vote, and voted, voted in favor of the Plan

(when including only ballots cast by creditors with allowed claims). Several objections to the First Amended Plan were filed. *See Docket Nos. 143, 144, 146, 149 and 150.*

Bestview believes that the applicable requirements of 11 U.S.C. §1129 and §§ 1190-1194 are satisfied by the Plan. Below, Bestview sets forth the following: the applicable subsections of 11 U.S.C. §1129; Bestview's satisfaction of each subsection (if applicable); and the specific objections (if any) related to the Code sections.

## PRELIMINARY ISSUES

As a preliminary matter, the bulk of the objections from all parties relate to (a) the Debtor's continued operations to construct the property post-petition and (b) the Debtor's lack of post-petition financing (the so-called "364 Objection"). The Debtor is in the process of finalizing post-petition financing from Broadmark (it's pre-petition lender). The Debtor hoped to get that post-petition financing finalized prior to filing this report – but it is not quite done. The Debtor anticipates the post-petition financing documents will be completed, and a Section 364 Motion filed, prior to the actual confirmation hearing. That post-petition financing will pay all post-petition work that has been performed and will fund the remaining budget to complete the construction. The Debtor anticipates that lending will be between $1.3 and $1.5 million dollars, depending on the extend of post-petition work completed. That post-petition financing will also resolve the objection to confirmation filed by Broadmark.

Further, the Debtor has a buyer waiting for the financing issue to be resolved who is willing to purchase the property for a slightly higher price than was presented before. The Debtor anticipates filing a second motion to approve a sale in conjunction with the 364 Motion related to Broadmark's lending. Again, both motions are anticipated prior to the confirmation hearing in

this matter. That lending, together with the sale of the property, resolves all (or nearly all) of the 364 Objections raised by the parties.

## 11 U.S.C. §1129(a) ISSUES

Bestview believes that the issues to be determined at the confirmation hearing may be disputed and that confirmation of the Plan may occur without further dispute or delay.

1. <u>11 U.S.C. §1129(a)(1): The plan complies with the applicable provisions of this title.</u> Perry and Leibow raised an objection based on compliance with 1129(a)(1). However, that objection is based on the 364 Objection, which Bestview asserts will be resolved with the 364 Motion and Sale Motion. Accordingly, provided those motions are filed, Bestview asserts that the Plan is in compliance with all of the applicable provisions of the Bankruptcy Code.

2. <u>11 U.S.C. §1129(a)(2): The proponent of the plan complies with the applicable provisions of this title.</u> Perry and Leibow, as well as the United States Trustee, raise objections based on this provision of the Code. However, those objections are based on the 364 Objection, which Bestview asserts will be resolved with the filing of the 364 Motion and Sale Motion. Provided those motions are filed, Bestview asserts that the Plan is in compliance with this provision of Section 1129.

3. <u>11 U.S.C. §1129(a)(3): The plan has been proposed in good faith and not by any means forbidden by law.</u> Perry and Leibow raised an objection based on the Debtor's good faith and compliance with applicable law. However, that objection is based on the 364 Objection, which Bestview asserts will be resolved with the 364 Motion and Sale Motion. Accordingly, provided those motions are filed, Bestview asserts that the Plan is proposed in good faith and not by any means forbidden by law.

4. <u>11 U.S.C. §1129(a)(4): Any payment made or to be made by the proponent, [or] by the debtor … for services or for costs and expenses in or connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of, the court as reasonable.</u>  Perry and Leibow raised an objection based on the Debtor's proposed payments to post-petition creditors.  However, that objection is based on the 364 Objection, which Bestview asserts will be resolved with the 364 Motion and Sale Motion (the 364 Motion will seek court approval to use post-petition funds to pay the post-petition debts).  Accordingly, provided those motions are filed, Bestview asserts that the Plan complies with Section 1129(a)(4).

5. <u>11 U.S.C. §1129(a)(5):</u>

   a. <u>11 U.S.C. §1129(a)(5)(A)(i): The proponent of the plan has disclosed the identity of any individual proposed to serve as a successor to the Debtor under the Plan.</u>  The Debtor is an entity that will continue to construct and ultimately sell the property – the Plan does not propose to appoint a successor to the Debtor.  Accordingly, this provision is met by the Plan and/or inapplicable to this Debtor.  While the United States Trustee raised an objection on this basis, Bestview asserts that objection is unfounded as there is no projected successor to the Debtor.

   b. <u>11 U.S.C. §1129(a)(5)(A)(ii):  The appointment and continuance in the office of the insider is consistent with the interests of creditors and equity security holders and with public policy.</u>  The Debtor is a limited liability company, which proposes to retain the current members (including those who qualify as "insiders").  Bestview believes this is consistent with the interest of creditors and equity security holders and public policy.

  c. <u>11 U.S.C. §1129(a)(5)(B): Disclosure of insiders.</u>  The Plan has disclosed Bestview's ongoing role, and the bankruptcy schedules identify the members of the Debtor.  The plan proposes all post-confirmation issues be performed by the Debtor.  The United States Trustee raised an objection on this basis – to the extent necessary the Debtor can supplement the plan to provide information regarding any insider's projected compensation under the Plan (to the extent there is any compensation).

 6. <u>11 U.S.C. §1129(a)(6):  Any governmental regulatory commission over rates of the Debtor has approved any rate change provided for in the Plan.</u>  To the best of Bestview's knowledge, no regulatory commission has jurisdiction over any issues involved with confirmation of the Plan and this provision has been satisfied.  There was no objection raised to this subsection and this issue is not in dispute.

 7. <u>11 U.S.C. §1129(a)(7):  Each impaired class of claims has accepted the plan or will receive under the Plan property of a value as of the effective date of the Plan that is not less than the amount that such holder would receive if the Debtor were liquidated under Chapter 7 of this Title.</u>  Every class entitled to vote on the Plan accepted the Plan.  Further, Bestview asserts that each class of claims will receive property of a value as of the effective date of the Plan that is not less than the amount that class would receive if the Debtor were liquidated under Chapter 7.  Consequently, Bestview asserts that it meets this section of Section 1129.  The Silva Trust raised on objection on this basis without any analysis.  The Debtor projects that both parts of the Silva Trust's claim (secured and unsecured) are being treated as required under § 1129(a)(7).

 8. <u>11 U.S.C. §1129(a)(8): Each class has either accepted the Plan or is not impaired under the Plan.</u>  When including only those votes from creditors holding allowed claims (as the

Code requires), every class that voted accepted the Plan. Further, as this is a Subchapter V case, this provision of Section 1129 is not required in order to confirm the Plan.

9. <u>11 U.S.C. §1129(a)(9): The Plan provides for payments of administrative and priority claims described in 11 U.S.C. §507(a)(1) through (a)(8).</u> This Plan provides the treatment specified in §1129(a)(9). Perry and Leibow raised an objection on this basis that was based on the 364 Objection. Provided the 364 Motion and Sale Motion are filed, this resolves the objection raised by those parties.

10. <u>11 U.S.C. §1129(a)(10): One impaired class voted to accept the plan.</u> As indicated above, and on the Debtor's concurrently-filed Ballot Summary, at least one impaired class has voted to accept the Plan. Therefore, this provision is satisfied. Further, because this is a Subchapter V case, this provision of Section 1129 is not required to be met by the Debtor in order to confirm the Plan.

11. <u>11 U.S.C. §1129(a)(11): Confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the debtor or any successor to the debtor under the Plan, unless such liquidation or reorganization is proposed in the plan.</u> The Debtor believes this provision has been satisfied. Its proposed Plan payments are based on the continued operation of the Debtor's business through construction and sale of the property. Provided the 364 Motion and Sale Motion are filed, the Debtor will have the funds to complete construction and pay all outstanding lien debts. Depending on the outcome of the pending claim objections, the Debtor anticipates paying a substantial amount of unsecured claims – if not all unsecured claims.

12. <u>11 U.S.C. §1129(a)(12): Fees payable under 28 U.S.C. §1930 are paid or provided for under the Plan.</u> The plan provides for the payment of the fees contemplated by 11 U.S.C.

§1129(a)(12). The Debtor is not aware of any other fees due to the United States Clerk. No party has raised an objection to this provision.

13. <u>11 U.S.C. §1129(a)(13): Continuation of all retiree benefits.</u> Bestview is not paying retiree benefits as defined by §1114 of the Bankruptcy Code, and therefore this provision is inapplicable and/or satisfied by Bestview's Plan. Further, no party has objected to confirmation based on this provision.

14. <u>11 U.S.C. §1129(a)(14): Domestic support obligations.</u> This provision is inapplicable as Bestview does not have domestic support obligations. Further, no party has raised an objection based on this provision.

15. <u>11 U.S.C. §1129(a)(15): In an individual debtor's case where a holder of an allowed unsecured claim objects, the value of the property to be distributed under the plan is not less than the amount of such claim or the value of the property to be distributed under the plan is not less than the projected disposable income of the debtor during the five (5) year period beginning on the date the first payment is due under the plan.</u> This is not an individual debtor case, and therefore this section is inapplicable. Further, no creditor raised an objection based on this provision.

16. <u>11 U.S.C. §1129(a)(16): All transfers of property of the Plan shall be made in accordance with applicable provisions of nonbankruptcy law that govern the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.</u> Bestview is not a corporation or a trust fitting this description and therefore this provision is inapplicable and/or satisfied by Bestview. Further, no party has objected to confirmation based on this provision.

**11 U.S.C. §1191 ISSUES**

As stated above, Bestview believes that all provisions of 11 U.S.C. §1129(a) have been satisfied. Therefore, the provisions of 11 U.S.C. §1191 are inapplicable to confirmation of this Plan. Nevertheless, some parties (specifically, the United States Trustee and Silva Trust) have raised objections based on Section 1191, which Bestview addresses herein. Initially, the Debtor points out that the Silva Trust's objections are simple conclusory statements that the Plan fails to comply with specific provisions. However, no analysis is supplied to support the conclusory statements. In fact, the Plan proposes treatment of Silva Trust's claim in the exact manner contemplated by Section 1191(c) – the secured claim is treated as secured and paid when the property sale is closed and the unsecured claim is treated fairly and equally with all other unsecured claims (provided it is allowed). Bestview asserts its Plan complies with the fair and equitable requirements of Section 1191 and should be confirmed.

**OBJECTION FILED BY ABC SUPPLY**

American Builders and Contractors Supply Co., Inc., dba ABC Supply Co., Inc., filed an objection to Plan. The objection is based on an alleged lien held by ABC Supply Co., Inc., on one lot of the real property owned by the Debtor, and ABC Supply Co. Inc.'s belief that it is not being treated in the Plan. The Debtor objects to the lien claim by ABC Supply Co., Inc., as the lien does not contain a valid legal description of the real property allegedly being liened. *See, e.g.,* this Court's recent decision in Adv. Case No. 19-06074-JMM, regarding validity of legal descriptions which do not contain references to recorded plats. Further, ABC Supply Co. Inc's claim is subsumed by the claim asserted by Nalin Enterprises, which is treated in the Plan under Class 10. Accordingly, the Debtor asserts that the objection by ABC Supply Co., Inc., is unfounded and

should be overruled. Since ABC Supply Co. has not filed a Proof of Claim in this matter, the Debtor cannot pursue a claim objection and an adversary case will be necessary to determine the validity of this lien (and any lien claimed by Nalin Enterprises).

### MODIFICATIONS TO BE PLACED IN THE ORDER CONFIRMING THE PLAN

At present, the Debtor does not anticipate any modifications be placed in the order confirming the Plan.

### SUMMARY OF 11 U.S.C. §1129 SUBSECTIONS AT ISSUE AT CONFIRMATION

Based on the objections filed, Bestview asserts that the following provisions of 1129(a) are at issue for confirmation: (1) through (5), (7), (9) and (11). However, Bestview asserts that nearly all of those objections will be resolved with the 364 Motion and Sale Motion, and therefore requests the Court approve the First Amended Plan and enter an order accordingly.

### NOTICE OF INTENT TO PRESENT EVIDENCE

Pursuant to Local Bankruptcy Rule 9014.1, the Debtor provides notice of its intent to present evidence and cross-examine witnesses at the confirmation hearing to be held on February 3, 2021. The Debtor intends to call Gavin King as a witness at that hearing.

DATED this 27th day of January, 2021.

        /s/ Matt Christensen
        MATTHEW T. CHRISTENSEN
        Attorney for Debtor

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 27th day of January, 2021, I filed the foregoing DEBTOR-IN-POSSESSION'S PRE-CONFIRMATION REPORT electronically through the CM/ECF system, which caused the following parties to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Matthew T. Christensen | mtc@angstman.com |
| Chad Moody | chad@angstman.com |
| U.S. Trustee | ustp.region18.bs.ecf@usdoj.gov |
| Matthew W. Grimshaw | matt@grimshawlawgroup.com |
| Heidi Buck Morrison | heidi@racineolson.com |
| Thomas E Dvorak | ted@givenspursley.com |
| Jared Harris | jharris@bakerharrislaw.com |
| Jay J. Kiiha | jkiiha@whitepeterson.com |
| Jed W. Manwaring | jmanwaring@evanskeane.com |
| Mark B. Perry | mbp@perrylawpc.com |
| Randall A. Peterman | rap@givenspursley.com |

Any others as listed on the Court's ECF Notice.

                 /s/ Matt Christensen
                 Matthew T. Christensen